Marshall, C. J.,
 

 dissenting. That this court will not weigh the evidence is a principle and practice so well established that if the case required that this court should weigh the evidence before reversing the judgment of the trial court there would be a unanimous concurrence in this judgment. Those who do not concur in the judgment are of the opinion that the ease turns upon matters other than the weight of evidence. It is true that there is evidence tending to show that the substance on the floor of the storeroom and which was the basis of the claim for damages was on the floor for a period of at least two days, and the jury must have found that fact in order to agree upon a verdict for plaintiff. It may therefore be properly inferred that the sub
 
 *464
 
 stance on the floor continued to remain on the floor two days, in the absence of any evidence tending to show its removal. If it therefore be regarded as a fact that it was on the floor two days earlier, the further inference might be indulged that the proprietor of the store knew of its existence on the date of the accident to Mrs. Kinney. This latter result has not been established by direct evidence and could only be found by the jury by drawing an inference that the proprietor knew of the substance being on the floor on the day of the accident, and this inference must be based upon the first inference that it was the same substance which was on the floor two days earlier and that the substance on the floor two days earlier remained on the floor until the time of the accident. Clearly therefore an inference must be based on an inference in order that the jury might properly find notice and knowledge to be chargeable to the proprietor. This principle has been condemned by the judgment of this court in
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634. Unless notice and knowledge on the part of the proprietor is proven, the judgment must fail.
 

 Another ground of objection to the affirmance of the judgment is found in the conduct of the plaintiff herself. All the testimony shows that the substance, whatever it was, was black in color, and that it adhered to the polished floor. The difference in the color must have been so apparent and striking that the plaintiff could have seen it and should therefore have avoided it. The recent case of
 
 S. S. Kresge Co.
 
 v.
 
 Fader,
 
 116 Ohio St., 718, 158 N. E., 174, 58 A. L. R., 132, so clearly defines the duties and relations of the parties under such circumstances that that au
 
 *465
 
 thority has peculiar application, and no further argument should be made than a mere citation of that authority.
 

 The most serious ground of objection to the conclusions reached by the lower courts is found in the nature of the substance which was alleged to have caused the injury. There is some disagreement between the pleadings and the proof in this case as to what the substance was and to its real character. There is also some disagreement between the pleadings and the proof, and among the witnesses called by the plaintiff, as to how the accident occurred; that is to say, whether by slipping or tripping. It is not quite clear whether the substance was candy or used chewing gum. The case has, however, been argued upon the theory that it was chewing gum, and the record certainly bears out that theory. If it was in fact some kind of candy, it must have been a very adhesive kind, which would not be different in quality from used gum. No expert testimony was adduced concerning the character and physical qualities of used gum, neither should such testimony be necessary. This is a matter of which courts and judges may properly take judicial notice. “Judicial notice” is defined as the cognizance of certain facts which judges and jurors may properly take and act upon without proof because they already know them; facts which may be judicially noticed are those which are part of the common knowledge of nearly all persons of common understanding and intelligence, and courts may not properly exclude from their knowledge matters which are generally known to persons of intelligence. Some things occur so infrequently, or in the experience of so few people,
 
 *466
 
 that the doctrine of judicial notice has no application, while other occurrences are so frequent and universal that all men become cognizant of them, and the application of the doctrine is inevitable. Let us apply these tests to chewing gum and gum chewing. Chewing gum is one of the best known of commodities. Gum chewing is the great American pastime. Used gum is by common consent a great nuisance, though an innocuous one. Not all persons use gum, but all persons are often the victims of used gum. All persons, without regard to age, sex, color, race, or previous condition of servitude, frequently tread upon used gum, and therefore know how adhesive it is, and how difficult it is to detach from footwear, and how impossible it is to slip and fall when stepping upon it. This particular used gum was so adhesive in character that on the bottom it adhered so firmly to the polished floor that a chisel or other tool was required to remove it, but it was so smooth and slick on top that the customer who stepped upon it claims that it caused her to slip and fall.
 

 The uncertainties in which the pleadings and the evidence have become involved, to say nothing of the contradictions which are apparent, are quite significant in this case and justify a resort to judicial notice of the qualities of candy and chewing gum. No one contradicts the statement that a tool was required to remove the substance from the floor. It must have been either candy or used gum according to this record. In either event, there is no justification for any finding that the plaintiff was caused to fall by slipping. All parties agreed that the substance had no appreciable thickness. If plaintiff
 
 *467
 
 stumbled over it, or was tripped by it, it must certainly have been due to her own carelessness. There can be a recovery in this case only if the Woolworth Company did not exercise ordinary care. The question to be determined is whether the Woolworth Company, its agents and servants, did what men of ordinary prudence would not have done, or whether they omitted to do that which men of ordinary prudence would have done. If we consider this case from the standpoint that the company through its executive officers knew or ought to have known of the existence of the candy or gum on the floor, it must still be inquired whether with that knowledge of such substances, which are known to all men, they should have immediately taken steps to remove the same. Even if they knew of its existence, they were not chargeable with want of ordinary care unless the well-known offensive substance was also known to have qualities which make it dangerous to persons coming in contact with it. The fact is that it is well known not to have such dangerous qualities. Common-law principles should be so formulated and administered as to cause men generally to indorse them and therefore to respect them. Courts should scrupulously avoid establishing precedents which cause men to ignore the law and its application. We should especially avoid the declaration of principles which will cause men generally to feel that our declarations are wholly at variance with their common experiences. In this view of this record we cannot concur in the judgment of affirmance.