Stewart, J.
The sole question before us is whether the Court of Common Pleas was justified in directing a verdict for the defendant.
It is axiomatic that in the solution of such a question all the evidence submitted must be given an interpretation most favorable to the plaintiff, including not only direct or positive evidence but also any reasonable inferences which may be drawn therefrom. Under such a proper and strict formula, we are unable to see what there was to submit to the jury in the present cause.
In the first place, there is no evidence as to the nature of the substance on which plaintiff claims he slipped, or as to the source of the substance, or that defendant through its agent knew of its presence, or as to how long it had been on the track of the hoist. If the substance were either oil or grease it might have dropped from the bottom of the car while defendant’s agent was attempting to lubricate it, or it could have come from the car itself as it was standing on the tracks of the hoist, either before or after the attempted lubrication.
*318 It is a matter of common knowledge that motor vehicles leak or drop oil or grease, both in travel and while parked. Lanni v. Pennsylvania Rd. Co., 371 Pa., 106, 88 A. (2d), 887.
We are of the opinion that the instant case does not involve the application of the doctrine of res ipsa loquitur but that it is controlled by the principles announced in the case of S. S. Kresge Co. v. Fader, 116 Ohio St., 718, 158 N. E., 174, the syllabus of which is as follows:
“Owners or lessees of stores owe a duty to the patrons of the store to exercise ordinary care to prevent accident and injury to the patrons while in the store, but they are not insurers against all accidents and injuries to such patrons while in the store.
“The fact that during a rainstorm some water has blown into the front of a store on account of the opening of the door to admit customers, and the incoming shoppers during such rainstorm carry in moisture on their clothing and feet and umbrellas, and thereby and only thereby cause the floor inside the door and near thereto to become damp and more slippery than is the dry floor in other parts of the store, will not give rise to a cause of action against the owner or lessee of the store in favor of a later incoming patron who slips or falls on such damp floor and is injured by such fall.”
In the opinion by Kinkade, J., it is stated:
“Owners or lessees of stores, office buildings, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure, are not insurers against all forms of accidents that may happen to any who come. Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise *319 would be. Tbe same thing is true in the hallways of all post offices. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail. ’ ’
Paraphrasing a part of the above quotation, everybody knows that in a lubritorium where automobiles are greased and lubricated there is bound to be oil and grease around and it is not the duty of persons in control of such lubritorium to constantly keep moppers and cleaners wiping up the oil and grease as fast as it accumulates. If, in the present case, there had been a deposit of grease or oil which was unusual and of which defendant’s agent knew or ought to have known, we would have a different question, but in the absence of any evidence as to what the substance was on which plaintiff slipped, the only positive evidence being that the track of the hoist was wet, there is no evidence from which a reasonable inference of negligence on the part of defendant could be drawn.
Where the doctrine of res ipsa loquitur does not apply, in order for an inference to arise as to negligence of a party, there must be direct proof of a fact from which the inference can reasonably be drawn. A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking. The mere happening of an accident gives rise to no presumption of negligence.
In the present case, defendant was not an insurer of plaintiff’s safety. It owed him ordinary care to prevent accident and injury to him, and in the absence of any proof of a lack of ordinary care there was no question for the trial court to submit to the jury. S. S. Kresge Co. v. Fader, supra; Sherlock v. Strouss-Hirshberg Co., 132 Ohio St., 35, 4 N. E. (2d), 912.
*320 It follows that the Court of Appeals was in error in reversing the judgment of the Court of Common Pleas. Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Lamneck, JJ., concur.