996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grace WOODROW, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-4276.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1993.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Grace Woodrow appeals the summary judgment for defendant in this action filed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the parties have waived oral argument by failing to request oral argument pursuant to Rule 9(d), Rules of the Sixth Circuit.
 
 
 3
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 4
 Upon careful consideration, it is concluded that summary judgment was proper. Assuming arguendo that plaintiff had business invitee status, the government nonetheless breached no duty owed plaintiff under Ohio law. See S.S. Kresge Co. v. Fader, 158 N.E. 174, 174 (1927) (syllabus p 1). A storekeeper normally is not liable to patrons who slip and fall on snow or water tracked in by other patrons. Paschal v. Rite Aid Pharmacy, Inc., 480 N.E.2d 474, 475-76 (1985) (per curiam); Boles v. Montgomery Ward & Co., 92 N.E.2d 9, 10 (1950) (syllabus p 2). Here plaintiff clearly slipped in an area normally trafficked by post office customers. The district court properly granted summary judgment to the defendant.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation