[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
In a single assignment of error, plaintiffs-appellants Mary Young and her husband, Paul, contend that the trial court erred in entering summary judgment in favor of defendant-appellee, Kmart, Inc., as genuine issues of material fact remain to be litigated on their claim for personal injury resulting from her fall in a KMart store. Young fell between two clothing racks, and afterwards she noticed a clear liquid on the floor. She did not know what the liquid was or how long it had been on the floor. She was unable to identify any Kmart employee who knew of the liquid's presence on the floor.
Although not insurers of the safety of business invitees, store owners owe their customers a duty of ordinary care to maintain their premises in a reasonably safe condition so as not to expose customers to unreasonable risks of harm. See Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474; see, also, S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718,158 N.E. 174. When negligence is based upon the presence of a foreign substance on the floor, the business invitee must establish that (1) the owner or occupier, or its employee, put the substance on the floor; or (2) the owner or occupier had actual knowledge of the presence of the substance on the floor, but failed to remove it or to warn the invitee, or (3) the substance was on the floor long enough for the owner or occupier to have constructive notice of its presence and thus to have a duty to remove it. See Anaplev. Standard Oil Co. (1955), 162 Ohio St. 537, 124 N.E.2d 128; see, also, Catanzano v. Kroger Co. (Jan. 11, 1995), Hamilton App. No. C-930761, unreported.
When, as here, the party moving for summary judgment discharges its initial burden of identifying the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims, the nonmoving party has the reciprocal burden of producing evidence on the issues for which it bears the burden of production at trial. Civ.R. 56(C); Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Because the Youngs have failed to make a showing sufficient to establish actual or constructive notice — an essential element of their claim — summary judgment was properly entered against them. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.