DECISION AND JOURNAL ENTRY
Appellant, Sharon Demos appeals from the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of Appellees[1] Toys "R" Us, Inc. et al. ("Toys "R" Us"). This Court affirms.
On December 9, 1994 Appellant slipped and fell on a wheelchair accessibility ramp outside the main entrance of a Toys "R" Us store fracturing her right elbow. Appellant filed a complaint in the Lorain County Court of Common Pleas on December 6, 1996, alleging negligence on the part of Toys "R" Us, which proximately resulted in her injuries. Specifically, Appellant alleged that Toys "R" Us "permitted an unreasonably dangerous condition to exist on the premises," "failed to provide a safe area * * * to walk" and "negligently and carelessly used or allowed the use of a paint or other coating material on the * * * ramp that was not adequately slip resistant." After depositions of Appellant, her companion, and an expert witness were completed, Appellee moved for summary judgment on May 18, 1999. The trial court granted the motion, holding "that there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law." Appellant appeals on one assignment of error with three parts as follows:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 A. Genuine issues of material fact and law exist which preclude the granting of summary judgment.
 B. Defendant, Toys "R" Us, Inc., breached its duty of ordinary, reasonable care owed to Sharon Demos, a business invitee.
 C. The wheelchair accessibility ramp did not constitute an "open and obvious hazard," rather it contained an indiscernible and/or concealed danger and therefore the defendant had a duty to warn or and/or guard against it.
By the assignment of error, Appellant contends that the trial court erred in granting Appellee summary judgment because a material issue of fact exists as to whether the ramp contained a concealed danger, thereby breaching the duty to maintain the walkway in a reasonably safe condition. This Court disagrees.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
A plaintiff alleging negligence must prove that the defendant owed plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id.
In her deposition, Appellant stated that the ground was wet from rain, that yellow paint was on the sidewalk area where she fell, and that she "felt [her] foot go out from under [her]." She described the incident as a "slip and fall." Appellant said she simply slipped and fell to the ground. She did not observe any cracks or deformities in the ramp, nor did she describe the texture of the ramp's surface in any way. Appellant's companion that evening stated in deposition that "it wasn't slippery to me" and that he did not have any difficulty in helping her up from her fall.
Gerald S. Burko, owner of a safety consulting company, was also deposed. Burko visited the scene in August of 1997, more than two and one-half years after the incident that forms the basis of this lawsuit.[2] Burko stated that "the paint used to highlight the ramp reduced the * * * [coefficient of friction] * * * by making what was originally not a smooth surface into one that is smooth." He explained that the coefficient of friction could have been maintained by use of "grits incorporated in the paint or friction strips placed on the ramp." The witness made no recommendation as to how many or where such strips would be placed, only that they are "are available and are in use." He claimed that the use of paint containing grit or friction strips would have made the area "safer." The witness also stated that he was not aware of any federal or state statute or local ordinance that required such strips to be applied. Burko concluded: "These two unexpected changes * * *[the angle of the walkway, and the change in the surface of the walkway] * * * caused her to slip and fall with the results being her injuries." But Burko also explained that "[d]istractions are common when you are in a public area such as a parking lot" and "any one or any combination of which would keep your mind off your feet."
Appellee moved for summary judgment on the basis that it did not breach any duty owed to Appellant, arguing that the wheelchair accessibility ramp was an open and obvious danger against which there was no duty upon Appellee to warn business invitees. Appellee also pointed to the testimony of witness Burko as not supporting the claim of negligence on the part of Toys "R" Us in the maintenance of the ramp. Appellant responded by arguing that Appellee breached its duty of maintaining the premises in a reasonably safe condition by allowing the ramp to be painted and by failing to apply any type of skid protection such as paint with grit or friction strips. Appellant also argues that the construction of the sidewalk forced Appellant to walk on the ramp, thus being exposed to its alleged dangers. Therefore, the issue before this court becomes whether the record, when viewed most strongly in favor of the non-moving party, created a genuine issue of material fact as to whether Toys "R" Us owed any duty to Appellant in regard to the construction or maintenance of the wheelchair accessibility ramp and, if so, whether it breached that duty.
The measure of duty owed by the possessors of the premises to Appellant is dependent on her status with respect to Appellee on the date of the accident. Since Appellant was visiting the Toys "R" Us store in order to Christmas shop, she was on the premises as a business invitee. As such, she was owed a duty of ordinary or reasonable care in the maintenance of the premises in a reasonably safe condition. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203. A shopkeeper, however is not an insurer of the customer's safety. Id. Nor is the owner or occupier of such premises under a duty to protect business invitees from a dangerous condition that is so obvious and apparent that the invitee may be reasonably expected to discover it and protect himself against it. Id. at 203-204, citing Sidlev. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
Taking first the question of the slope of the ramp, we hold that the wheelchair accessibility ramp was an open and obvious danger that imposed no duty on the owner to warn or protect invitees. Accord LeJeune v. Crocker Shell Food Mart Car Wash
(Oct. 22, 1998), Cuyahoga App. No. 74262, unreported, 1998 Ohio App. LEXIS 4967.
Next, we consider the question of whether the painted surface of the ramp constituted an indiscernible and/or concealed danger. The duty of ordinary care requires merchants to warn business invitees only as to latent or concealed defects of which the owner had or should have had knowledge. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50. Such defect must constitute an "unreasonably dangerous" condition. Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 48-49.
Negligence cannot arise from speculation and an accident gives no rise to the presumption of negligence. Parras v. Oil Co. (1953), 160 Ohio St. 315, paragraphs one and two of the syllabus. In Kresge Co. v. Fader (1927), 116 Ohio St. 718, paragraph one of the syllabus, the Supreme Court of Ohio held that "[o]wners * * * of stores, * * * are not insurers against all accidents and injuries * * *. " The fact that a customer slipped or tripped and fell does not, standing alone, create an inference that the floor was unsafe; "[t]here must be testimony tending to show that some negligent act or omission of the storekeeper caused the customer to slip." The J. C. Penny Co., Inc. v. Robison (1934),128 Ohio St. 626, paragraph 4 of the syllabus. In Sorensenv. Federated Department Stores, Inc. (Feb. 7, 1989), Franklin App. No. 88AP-570, unreported, 1989 LEXIS 434, at *8-9, the Tenth District Court of Appeals reviewed a number of slip and fall cases involving floors made slippery by polish or wax. The court concluded that it is insufficient to merely prove that the surface of a floor was slippery; rather, the plaintiff must establish that the surface was defective or improperly applied. Id. at *9. "Allowing the jury to decide this case [without evidence of defect] would be to allow the case to be decided on speculation rather than upon evidence of improper action by defendants." Id. at *10.
The burden to demonstrate negligence is on the injured person. Our review of the record does not reveal that Appellant met its burden of demonstrating a breach of a duty of ordinary care in the maintenance of the premises in a reasonably safe condition on the part of Toys "R" Us. Appellant stated only that she slipped and fell. Beyond the fact that the walkway was wet from rain, a condition for which Appellee cannot be held accountable, Appellee did not testify as to any negative conditions in the area where she fell. Her companion did not even find the area to be slippery. Burko testified only that the area was "smooth," not unreasonably smooth, nor slippery. He testified that the coefficient of friction was changed, but only in a relative way. Significantly, he did not testify that the ramp was inherently dangerous or made unsafe by the paint. He only stated that the use of grit-laden paint or friction strips would have made the area safer. The suggestion that the area could have been made "safer" does not provide evidence that the area as constituted is "unreasonably dangerous." With the record in this posture, we cannot find evidence of a breach of duty by Appellee in the maintenance of the wheelchair accessibility ramp.
In Roberts v. Sisters of Mercy (May 29, 1990), Butler App. No. CA89-11-160, unreported, 1990 Ohio App. LEXIS 2200, the Twelfth District Court of Appeals was confronted with almost an identical set of facts as exists in the instant case. The plaintiff slipped and fell on a wet portion of sidewalk, which was sloped to facilitate wheelchair access. The defendant hospital had painted the entire ramp yellow. The trial court granted the hospital's motion for summary judgment and the court of appeals affirmed, holding that the plaintiff "could reasonably have been expected to know of the potential danger of walking on a wet, painted surface, thus absolving the hospital of a duty to protect." Id. at 4.
Similarly, in Kidd v. Center Point Plaza (June 17, 1999), Fairfield App. No. 98CA00072, unreported, 1999 Ohio App. LEXIS 2850, the plaintiff filed suit based on a slip and fall on a painted and rain-wet handicap ramp. Testimony established that the ramp was slippery. The court held as follows:
 Therefore, we conclude the ramp was slippery. However, this conclusion alone without any further evidence as to the cause of the slipperiness defeats appellant's claim.
 It is not enough to say "it was slippery." To carry the burden forward, there must be some showing of a lapse from ordinary care in the maintenance, painting or location of the ramp. No such showing was made.
(Emphasis added.) Id. at *7. The evidence in the case at bar is weaker than that propounded in Kidd in that the testimony allowed only that the ramp was "smooth." This simply is not enough to meet the burden of demonstrating a breach of duty by the merchant causing the customer to slip and fall.
Upon this record, we cannot find that Appellant met its burden below. Accordingly, we hold that the trial court did not err in granting the motion for summary judgment. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT WHITMORE, J., CONCURS, CARR. J., DISSENTS.
[1] Hereafter, collectively referred to as "Appellee."
[2] Given the nature and purpose of Burko's testimony, there is an obvious question of relevance due to the delay in his observation of the site. For purposes of this appeal, we accept his testimony for what it is.