OPINION
Plaintiffs-appellants, Ricky J. Frame and Carol Frame, appeal from the judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, Shawn and Kathy Allen. For the reasons that follow, we affirm the judgment of the trial court.
On May 9, 1998, the Frames were attending a cookout as social guests of the Allens. Ricky Frame and Shawn Allen were doing the grilling. Due to intermittent rain, the grill was moved under the eaves of the garage. Appellant was wearing rubber thongs or flip-flops on his feet. Appellant left the garage, walked across the wet grass to retrieve an item from his car, and returned to the garage. When he walked into the garage he slipped and fell, fracturing his right arm and finger. It is undisputed that the garage floor was not wet; rather, it was appellant's rubber flip-flops that were wet, and when they came in contact with the smooth concrete garage floor, appellant, in his own words, "went airborne." (Frame Depo., at 31.)
Appellant had visited the Allen's home at least thirty times before the accident, and those visits included visits to the garage on a number of occasions. Appellant knew and acknowledged that the garage floor was made of concrete, and he knew there was water on the bottom of his shoes when he reentered the garage. He stated that it was common sense that wet concrete is more slippery than dry concrete. (Frame Depo., at 23.) He knew that he was going to encounter a slipperier condition on a concrete floor when his flip-flops were wet rather than when they were dry. Appellant stated in his affidavit that he "exercised the degree of care and caution which in my experience was required to safely traverse concrete with wet shoes." (Frame affidavit at paragraph 6.)
Shawn Allen testified that the garage floor was "a lot more smooth than what I've seen in a garage floor before." (Allen Depo., at 13.) He also indicated it was "unusually slippery" as compared to other garage floors. (Allen Depo., at 26.) Allen also indicated that he and members of his family had fallen or almost fallen on the floor a number of times over the years, and that the same pattern of damp or wet shoes contributed to the falls. (Allen Depo., at 23.) In discussing these falls or near falls, Allen indicated the cause of the problem was walking into the garage with damp or wet bare feet or shoes. (Allen Depo., at 11.)
Appellants brought a personal injury lawsuit seeking damages for injuries and loss of consortium on a theory of premises liability. The trial court granted summary judgment in favor of the Allens, finding that the Allens had no duty to warn, as they did not know that appellant would be traversing the floor in wet rubber flip-flops. The trial court did not reach the issue of whether an unusually slippery floor or the traversing of it with wet shoes was a dangerous condition requiring a warning or whether it was an open and obvious condition.
On appeal, appellants assign the following as error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER THE HAZARD IN QUESTION WAS OPEN AND OBVIOUS.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER APPELLEES OWED APPELLANT RICKY FRAME A DUTY TO WARN OF THE UNUSUALLY SLIPPERY NATURE OF THE CONCRETE GARAGE FLOOR.
Appellants' assignments of error are related and will be discussed together. As to appellant's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. [See Dresher; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.]
In order to establish negligence, appellants had to show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 680. The existence of a particular party's duty depends on the foreseeability of the injury. Id., quoting Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. In determining forseeability, we must look to "whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Id. at 77.
In Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraphs two and three of the syllabus, the Ohio Supreme Court set forth the standard regarding a host's duty to a social guest:
 2. A host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of the host that the premises to which a guest is invited by him are in safe condition.
 3. A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.
Under the open and obvious doctrine, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious. Simmers v. Bently Constr. Co. (1992), 64 Ohio St.3d 642, 644; and Mullens v. Binsky (1998), 130 Ohio App.3d 64, 69. The open and obvious danger itself serves as a warning and the owner may reasonably expect that individuals entering the premises will discover such danger and take appropriate measures to protect themselves. Id.
In this case, appellants characterize the hazard to Ricky Frame as the unusually slippery garage floor, and claim the Allens had a duty to warn Ricky Frame of the unusually slippery nature of the garage floor. We disagree as to the nature of the hazard.
A concrete garage floor normally does not present a hidden danger involving an unreasonably dangerous condition; rather, the danger posed, i.e., the risk of slipping if one is wearing rubber flip-flops and has just traversed a wet lawn, is an open and obvious condition even if the concrete floor is unusually slippery. Cf. S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, 723 ("[e]verybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor").
Here, the danger for appellant was not the unusually slippery garage floor, but, rather, the danger inherent when a person wearing wet rubber flip-flops walks onto a concrete floor. Appellant was fully cognizant of such danger and by his own testimony had a complete appreciation of the existence of the concrete floor and the danger of increased slipperiness when walking across it with wet flip-flops. The possibility of slipping was open and obvious, and hence the Allens had no duty to warn appellant of this danger. See Howson v. Amorose (Nov. 30, 2000), Franklin App. No. 00AP-8, unreported (danger posed by water-filled potholes when plaintiff had prior knowledge of the existence of the potholes so open and obvious that plaintiff could be expected to notice it and protect herself from it); Mullens, supra (danger of drowning in a swimming pool is considered an open and obvious risk which both minors and adults should be expected to be able to appreciate and avoid).
Appellants have failed to present evidence that is sufficient to raise a genuine issue of material fact. Construing the evidence most strongly in favor of appellants, reasonable minds could only conclude that Ricky Frame was aware of the danger of slipping on the concrete floor when he walked upon it with wet flip-flops. Therefore, appellees owed no duty to warn him of the hazards associated with the slippery nature of their concrete garage floor. Absent such a duty, there is no breach of duty, and the trial court was correct in entering summary judgment for appellees.
Based on the foregoing, appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.