DECISION
{¶ 1} On October 10, 2000, plaintiffs-appellants, LaDonna T. Coulter, Callie M. Hill and Tyra Hill were involved in an automobile accident. On November 16, 2001, appellants filed a lawsuit against Lillian Elder, the owner of the other automobile involved in the accident. Appellants alleged negligence and sought damages for injuries.
 {¶ 2} On December 13, 2001, appellants filed an amended complaint adding Felicia Elder, Lillian's daughter as a defendant, believing that Felicia was driving the vehicle. Lillian and Felicia filed an answer to the amended complaint admitting that "on or about October 10, 2000, Defendant Felicia Elder operated a motor vehicle so as to come in contact with a vehicle believed to have been driven by Plaintiff LaDonna Coulter and occupied by Plaintiff Callie Hill and Tyra Hill as averred in Plaintiffs' First, Second, and Third causes of action" but denying any negligence. See "Answer of Defendants Lillian Elder and Felicia Elder to Plaintiffs' Amended Complaint," filed Dec. 31, 2001, ¶ 1.
 {¶ 3} The Elders filed a motion for summary judgment on June 27, 2002, supported by affidavits asserting that Felicia's boyfriend, Andre Bryant, was driving the vehicle. Appellants filed a motion to amend the complaint to name Bryant as an additional defendant, which was granted by the trial court. The trial court also granted defendants' motion for summary judgment but subsequently found it moot when granting appellants' motion to amend, believing that the Elders would not be named defendants in the amended complaint. On September 13, 2002, appellants filed an amended complaint naming Lillian Elder, Felicia Elder and Andre Bryant as defendants. Defendants filed a motion for clarification and/or reconsideration and/or renewed motion for summary judgment since the trial court had granted their motion for summary judgment and subsequently found it moot and appellants had filed the amended complaint again naming the Elders. The trial court reinstated its decision granting the Elders motion for summary judgment.
 {¶ 4} The case proceeded to a jury trial in front of a magistrate with Bryant as defendant. Bryant admitted liability. The jury awarded Callie Hill $1,440 but found in favor of Bryant on the claims of LaDonna Coulter and Tyra Hill. Appellants filed a motion for new trial, a motion for judgment notwithstanding the verdict and a motion for additur. Appellants also sought to file their memorandum in support after the transcript was filed, which the trial court permitted. The transcript was filed on July 29, 2003. However, counsel's closing arguments were not included. The transcript containing closing arguments was filed on September 10, 2003. On September 19, 2003, the trial court denied appellants' motions for new trial, judgment notwithstanding the verdict and additur. However, no entry was filed. Appellants filed a supplemental motion for new trial and judgment notwithstanding the verdict and motion to vacate judgment pursuant to Civ.R. 60(B), which the trial court denied by entry on May 7, 2004. Appellants filed a notice of appeal and raise the following assignments of error:
I. The Trial Court erred in granting the Defendants-Appellees' Motion for Summary Judgment and overruling the Plaintiffs-Appellants' Motion for a New Trial where Defendants-Appellees admitted in their pleadings that Defendant Felicia Elder operated a motor vehicle so as to come into contact with the Plaintiffs-Appellants' vehicle, and subsequently filed a Motion for Summary Judgment with affidavits denying that Defendant-Appellee Felicia Elder operated the motor vehicle.
II. The Trial Court erred in denying the Plaintiffs-Appellants' Motion for a New Trial where Counsel for the Defendants-Appellees made abusive comments directed at opposing Counsel and at opposing party's expert witness during closing arguments.
III. The Trial Court erred in denying Plaintiffs-Appellants' Motion for a New Trial where the judgment rendered, $1,440.00 for Callie Hill, was inadequate to compensate the Plaintiffs for documented losses of $3,029.00 for Plaintiff Callie Hill, $1,860.00 for Plaintiff Tyra Hill and $1,175.00 for LaDonna Coulter.
IV. The Trial Court erred in denying the Plaintiffs-Appellants' Motion for a New Trial and Judgment Notwithstanding the Verdict where the Trial Court granted the Plaintiffs-Appellants leave to file their memorandum in support of the motion after receipt of a transcript of the closing argument, then denied the motions before the Plaintiffs-Appellants received a transcript of the closing arguments and before the Plaintiffs-Appellants prepared the memorandum in support of the motions and before the Trial Court reviewed the transcript of the closing arguments.
 {¶ 5} By the first assignment of error, appellants contend that the trial court erred in granting the Elders' motion for summary judgment and overruling their own motion for new trial because the Elders admitted in their answer that Felicia Elder operated a motor vehicle so as to come into contact with the appellants' vehicle. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
 {¶ 6} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy, supra.
 {¶ 7} Appellants argue that an issue of material fact was created by the conflicting evidence when Lillian and Felicia Elder filed an answer to the amended complaint admitting that "on or about October 10, 2000, Defendant Felicia Elder operated a motor vehicle so as to come in contact with a vehicle believed to have been driven by Plaintiff LaDonna Coulter and occupied by Plaintiff Callie Hill and Tyra Hill as averred in Plaintiffs' First, Second, and Third causes of action" and subsequently filed affidavits supporting their motion for summary judgment stating that Felicia was a passenger in the car owned by Lillian, which was operated by Andre Bryant.
 {¶ 8} In paragraph one of the syllabus of Turner v. Turner (1993),67 Ohio St.3d 337, the Ohio Supreme Court stated, "[w]hen a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact." However, in this case, the inconsistency about which appellants complain is not an issue of material fact. Although Lillian and Felicia Elder admitted that Felicia was operating the vehicle in their answer, they denied liability. At trial, Bryant admitted liability, so the Elders' liability was not an issue.
 {¶ 9} Appellants knew that the Elders' answer was inaccurate. Attached to the Elders' motion for summary judgment, was a letter from the Elders' counsel to appellant's counsel informing him that the answer was inaccurate and that Bryant had been driving the vehicle and that the pleadings needed to be amended. See Exhibit 1 to Motion for Summary Judgment, letter dated February 8, 2002. Moreover, Lillian Elder's affidavit explains the inconsistency by stating she originally believed that her daughter had been driving the vehicle and later learned that Bryant was driving. Thus, there was no reason to rely on the inaccurate answer and the trial court did not err in granting the Elders' motion for summary judgment.
 {¶ 10} Appellants also contend that the trial court erred in failing to grant their motion for a new trial based upon the inconsistency in the answer and the affidavits. Civ.R. 59(A) permits a new trial to be granted upon the following grounds:
A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
(3) Accident or surprise which ordinary prudence could not have guarded against;
(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property[.]
 {¶ 11} In paragraphs one and two of the syllabus of Rohde v. Farmer
(1970), 23 Ohio St.2d 82, the Ohio Supreme Court examined the standard of review upon a motion for new trial and stated, as follows:
1. Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.
2. Where, a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law.
 {¶ 12} An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We have already determined that the trial court did not err in granting the Elders' motion for summary judgment and the trial court did not err in denying the motion for new trial based upon the same grounds. Appellants' first assignment of error is not well-taken.
 {¶ 13} By the second assignment of error, appellants contend that the trial court erred in denying their motion for a new trial where counsel for Bryant made abusive comments directed at opposing counsel and at opposing party's expert witness during closing arguments. In the second paragraph of the syllabus of Pang v. Minch (1990), 53 Ohio St.3d 186, the Ohio Supreme Court found:
Great latitude is afforded counsel in the presentation of closing argument to the jury. Included within the bounds of permissible argument are references to the uncontradicted nature of the evidence presented by the advocate.
 {¶ 14} Appellants argue that defense counsel made abusive comments that were not supported by the evidence, including the following:
When you look through the charts of Dr. Lipscomb, the records are so blank and it is clear that he is not running a medical office. It looks like it's some kind of personal injury mill or factory and he brings them in, gets them in and gets them out. Okay. Must have hurt their neck or cervical spine, must have hurt the lumbar spine. Play it safe and throw in a mid back in there. Combine all the words and put an "O" between them, add a syndrome at the end to make it all the more serious when he puts it in the record to the lawyers.
(Tr. 18.)
Well, you heard him testify, well, my diagnosis was — I punched her and she yelled. Textbook — some women when they yell it means they had a cervical sprain?
(Tr. 22.)
* * * Let's talk to you about the evidence and that shows that he is a liar and I know it's a strong word, but I'm quite sure — how do you sugar coat that?
(Tr. 22.)
Even if it was supplies from medicaid, why should a physician be able to render these types of opinions without examining the patients so that someone can receive benefits from some state or some governmental agency. We are all ending up paying for that.
(Tr. 23.)
Now, ladies and gentlemen, not only is Dr. Lipscomb a liar, but he is not a very good liar because he found these exact same symptoms on his physical examination with respect to tyra hill and there is no code, there is no code.
He is making it up as he went along. He told a lie and he made it up as he went along. * * *
(Tr. 27.)
Dr. Lipscomb clearly has embellished the plaintiffs' injuries in this case. You heard me talk on and on about severe and excrucuating — a phrase that he had used for not only the hills but with respect to this accident, but also severe and excruciating pain was the phrase for ladonna coulter in the '99 prior accident.
Ladonna told you, no, I don't have severe excruciating pain. Actually, you heard Dr. Lipscomb acknowledge to you that those were his own words. He is making up his own description of the symptoms.
Wouldn't he go back over the huge word — I think we looked at it a number of times, but this is another example of him embellishing, making things seem more serious than they were. God, that's a serious thing putting the word syndrome at the end of it. It's scary. Look at his report. Everything is referred to as a syndrome.
(Tr. 28-29.)
 {¶ 15} The trial court ruled on two references appellants argued were prejudicial, including the comments in closing argument that the expert was unprofessional and a liar. The trial court found the reference to unprofessional was not unfounded and that appellants had waived the issue regarding the liar comment by not objecting.
 {¶ 16} All of the statements were supported by the evidence. Dr. Lipscomb's medical charts did not contain detailed progress notes and were pre-printed forms. The forms had the identical examination findings of neck and back pain for both Tyra and Callie. There were other similarities in the examination findings, including that the patients were in "severe and excruciating pain," which Dr. Lipscomb admitted were his words he used to paraphrase the patient's complaints. (Tr. 252-253.) He also found Tyra and Callie completely disabled as a result of the accident, even though Tyra was disabled before the accident as the result of an allergic reaction to a vaccination when she was two years old. (Defendant's Exhibit B and C; Tr. 132; 134.)
 {¶ 17} Dr. Lipscomb diagnosed both Callie and Tyra with "cervicothoracolum-bosacral spine syndrome" but admitted that "cervicothoracolumbosacral" is not a word that can be found in a medical dictionary but was a connection of words with an "O." (Tr. 262.)
 {¶ 18} Dr. Lipscomb testified that Tyra could not speak because her development was that of a nine-month old baby. (Tr. 235; 253.) He made his diagnosis based upon what Callie told him and his limited examination. He testified that he pinched Tyra as pain stimuli to see her reaction and determine her injuries. Whether there is a typographical in the transcript or defense counsel misspoke, it is clear from Dr. Lipscomb's testimony that he did not "punch" Tyra, but pinched her.
 {¶ 19} There are many examples of inconsistency in Dr. Lipscomb's testimony. He acknowledged that his examination findings were not specifically charted but he knew they existed because he used a code in his progress notes. He used a plus sign to indicate that the patient had muscle spasms, arthralgia, myalgia, stiffness, edema and poor range of motion. (Tr. 254-255.) Despite testifying to these findings for both Callie and Tyra, only the progress notes for Tyra contained a plus sign.
 {¶ 20} Dr. Lipscomb also testified that Callie had a contusion and tingling or numbness in her legs. (Tr. 218; 221.) However, Callie testified that she did not have a head contusion and did not have tingling or numbness in her legs. (Tr. 178-179.)
 {¶ 21} Callie testified during her deposition that she injured her left wrist and shoulder in the accident and Dr. Lipscomb diagnosed her with a right shoulder and right wrist strain. (Tr. 175-177; 228.) During the trial, she testified that she also injured her right shoulder and right wrist because the pain later appeared in those areas. (Tr. 177.)
 {¶ 22} Dr. Lipscomb testified that before ever examining Tyra, he wrote a note for her stating that she was completely disabled and needed total care to enable her to receive diapers and supplies. (Defendant's Exhibit B; 171-172.) He testified that he wrote the note because "the mother is an honest lady." (Tr. 258.)
 {¶ 23} All of this testimony supports defense counsel's statements during closing argument. In paragraph one of the syllabus of Snyder v.Stanford (1968), 15 Ohio St.2d 31, superseded by rule on other grounds as stated in King v. Branch Motor Express Co. (1980), 70 Ohio App.2d 190, the court stated as follows:
Except where counsel, in his opening statement and closing argument to the jury, grossly and persistently abuses his privilege, the trial courtis not required to intervene sua sponte to admonish counsel and take curative action to nullify the prejudicial effect of counsel's conduct. Ordinarily, in order to support a reversal of a judgment on the ground of misconduct of counsel in his opening statement and closing argument to the jury, it is necessary that a proper and timely objection be made to the claimed improper remarks so that the court may take proper action thereon.
(Emphasis sic.)
 {¶ 24} In this case, appellants' counsel only objected to one of the statements and the statements were not gross and persistent abuses. Appellants' second assignment of error is not well-taken.
 {¶ 25} By the third assignment of error, appellants contend that the trial court erred in denying their motion for a new trial where the judgment rendered, $1,440 for Callie Hill, was inadequate to compensate them for documented losses of $3,029 for Callie Hill, $1,860 for Tyra Hill and $1,175 for LaDonna Coulter. Appellants argue that they presented uncontroverted evidence of their medical expenses and the trial court should have granted their motion for new trial since the jury's verdict was inadequate to compensate them for their losses.
 {¶ 26} However, it is fundamental that to prevail upon their claim for negligence, appellants were required to prove by a preponderance of the evidence that Bryant owed them a duty of care, that he breached that duty and that the breach proximately caused their injuries, not merely that they were injured. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. Not every accident that occurs gives rise to a cause of action upon which the injured party may recover damages. The S.S. Kresge Co. v. Fader
(1927), 116 Ohio St. 718, 724.
 {¶ 27} In this case, there was evidence that supports the jury's verdicts. The accident was a low impact collision in which Bryant took his foot off the brake at a red light and bumped into appellants' vehicle. (Tr. 127.) There was little or no damage to the vehicles. (Tr. 82-84; 125.) LaDonna Coulter testified that she injured her back and knee. Bryant presented evidence that Coulter was involved in a prior accident in 1999 in which she injured her back and knee. (Tr. 50-51.) The injuries were severe because Dr. Lipscomb, who treated her, stated that she suffered "severe and excruciating pain." (Defendants' Exhibit D.) She testified that her knee injury had not fully resolved before this accident. (Tr. 51.)
 {¶ 28} Bryant also presented evidence that Coulter did not seek medical treatment until three weeks after the accident. (Tr. 88.) The second time she saw the doctor was five weeks after the accident and then she did not return until eight months after the accident. (Tr. 89-90.) The doctor testified that she did not follow his recommendations for treatment. (Tr. 292.) Coulter testified that she did not take any pain medication or miss any work as a result of the accident. (Tr. 97; 100.) From this evidence, the jury could have found that Coulter failed to prove that her injures were proximately caused by the accident.
 {¶ 29} Tyra Hill was totally disabled before the accident as the result of an allergic reaction to a vaccination when she was two years old. (Tr. 132; 134.) She was 25 years old at the time of the accident but has a condition similar to cerebral palsy and the development of a nine-month old baby. (Tr. 132; 235; 253.) Dr. Lipscomb made his diagnosis based upon what Callie told him and his limited examination. He testified that he pinched Tyra as pain stimuli to see her reaction and determine her injuries. Callie believed Tyra was injured because she was stiff and would moan when Callie tried to move her. (Tr. 187.) Callie testified during her deposition that she could not specifically say which of Tyra's body parts were injured. (Tr. 188.) Based upon this evidence, a reasonable jury could conclude that Tyra failed to prove that her injures were proximately caused by the accident.
 {¶ 30} As addressed in the second assignment of error, Bryant presented evidence that attacked the credibility of Dr. Lipscomb. Dr. Lipscomb's testimony was crucial in proving Callie's soft tissue injuries. Based upon that evidence, the jury could reasonably conclude that Callie proved only a portion of her injuries were caused by the accident. Appellants' third assignment of error is not well-taken.
 {¶ 31} By the fourth assignment of error, appellants contend that the trial court erred in denying their motion for a new trial and judgment notwithstanding the verdict before appellants had received a transcript of the closing arguments and prepared the memorandum in support of the motions and before the trial court reviewed the transcript of the closing arguments. Appellants sought to file their memorandum in support after the transcript was filed, which the trial court permitted. The transcript was filed on July 29, 2003. However, counsel's closing arguments were not included. The transcript containing closing arguments was filed on September 10, 2003. On September 19, 2003, the trial court denied appellants' motions for new trial, judgment notwithstanding the verdict and additur. However, no entry was filed. Appellants filed a supplemental motion for new trial and judgment notwithstanding the verdict and motion to vacate judgment pursuant to Civ.R. 60(B), which the trial court denied by entry on May 7, 2004.
 {¶ 32} Appellants argue that the trial court ruled on the motions before receiving the transcript of closing arguments. However, the transcript was filed on September 10, 2003 and the trial court denied the motions on September 19, 2003, which was after the transcript was filed. In fact, the trial court decision references two of appellants' complaints regarding closing argument and found the closing argument was not prejudicial and that appellants had waived one of the issues by not objecting. It is clear that the trial court considered the closing arguments. Appellants' fourth assignment of error is not well-taken.
 {¶ 33} For the foregoing reasons, appellants' four assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Petree, J., concur.