FRAJT, APPELLANT, *v.* GOODWILL INDUSTRIES OF GREATER CLEVELAND, APPELLEE.

(No. 50301 — Decided May 5, 1986.)

*David A. Forrest,* for appellant.
*Stacy S. Quinn,* for appellee.

JACKSON, P.J. Appellant appeals from the summary judgment dismissal of her tort suit against appellee.

Appellant alleged appellee had negligently displayed certain belts, resulting in her injury.

The incident at issue occurred on May 4, 1983, at a Goodwill Store at Kamms Corners in Cleveland.

Appellant came into the store and asked for men's belts. The manager directed her to the area where men's belts were displayed on a rack.

Directly beneath the rack was a cardboard box of belts. The box was left unattended briefly while the stockperson who had been hanging them was called away.

Appellant was attracted to a particular elastic belt in the box. She knew it was an elastic belt. She pulled on the belt to untangle it. As she pulled, the buckle end came loose and struck her in the eye.

Appellant sought damages for the injury to her eye.

I

Appellant's sole assigned error is that the trial court erred in granting summary judgment upon motion of defendant-appellee.

It is well-established that owners of stores "are not insurers against all forms of accidents that might happen * * *." *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718, 723, 158 N.E. 174, 175, 58 A.L.R. 132, 135.

The Ohio Supreme Court has recently stated:

"A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. * * *" *Paschal* v. *Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203, 18 OBR 267, 480 N.E. 2d 474, 475.

However, a shopkeeper is not an insurer of a customer's safety. A shopkeeper such as appellee is under no duty to protect business invitees from dangers "which are known to such invitee or are so obvious and ap-

parent to such invitee that he may be reasonably expected to discover them and protect himself against them." *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589, paragraph one of the syllabus.

Appellant asserts that appellee breached its duty of care by negligently leaving the box of unsorted belts beneath the rack where they were to be displayed.

We note appellant's injury was not the result of the position of the box, or anything inherently dangerous about its contents. Instead, the injury resulted from appellant's attempt to pull one particular stretch belt out of the box.

Pulling on an elastic belt which is caught on something presents a recognizable danger. An elemental quality of elasticized material is its capability to quickly recover its size and shape after being stretched.

The appellee had no duty to warn appellant of the hazard of the "recoil" action of an elastic belt. A customer may be reasonably expected to recognize the hazard of disentangling an elastic belt from an array of belts which have not yet been sorted and placed upon a display rack.

As a matter of law, we conclude appellee had no duty to protect appellant from an obvious and apparent danger such as that represented by the circumstances in the instant case. Despite appellant's arguments to the contrary, this court is not persuaded that she was threatened with an unreasonable risk of harm.

We further conclude that the evidentiary materials submitted to the court, consisting of the pleadings and depositions of appellant and the store manager, demonstrate that there was no genuine issue of material fact presented. We find appellee was entitled to judgment as a matter of law. Civ. R. 56(C).[1]

Therefore, we hold that the trial court correctly granted defendant-appellee's motion for summary judgment:

"Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from some one. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured. * * *" *S. S. Kresge Co., supra,* at 724, 158 N.E. at 175-176.

Appellant's first assigned error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, J., concurs.

PARRINO, C.J., dissents.

PARRINO, C.J., dissenting. I respectfully dissent. It is my considered opinion that the trial court's judgment should be reversed and the cause remanded for trial.

Since a summary judgment precludes a jury's consideration of a case, it should be used cautiously. *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio

---

[1] Civ. R. 56(C) provides in part:

"* * * Summary judgment shall be rendered forthwith if * * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

App. 3d 7, 13 OBR 8, 467 N.E. 2d 1378; *Shaw* v. *Central Oil Asphalt Corp.* (1981), 5 Ohio App. 3d 42, 5 OBR 45, 449 N.E. 2d 3. Thus, summary judgment must be denied unless the documentary evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). Further, all inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the moving party. Civ. R. 56; *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315.

It is this standard which often precludes summary judgment in negligence actions where the trier of fact must evaluate conduct as negligent or non-negligent, even where the conduct is undisputed. *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 10 OBR 386, 461 N.E. 2d 1331. The issues of proximate cause are also rarely resolvable by summary judgment. *Id.*

It is my opinion that factual issues exist in the instant case regarding each party's degree of negligence. The appellant maintains that the appellee negligently permitted the box of tangled belts to be left unattended. Appellee argues that it was the appellant's own conduct in trying to untangle a belt from the box which caused her injury. I find that there is enough evidence in this record to support a conclusion, and thereby create an issue of fact, that both parties were negligent. Under these circumstances, I believe the determination as to the degree of each party's negligence should be resolved at trial.

Accordingly, I would reverse this judgment and remand this cause to the court of common pleas for trial.