**LAZZARA, Appellant,**

v.

**MARC GLASSMAN, INC., Appellee.**

[Cite as *Lazzara v. Marc Glassman, Inc.* (1995), 107 Ohio App.3d 163.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68404.

Decided Oct. 30, 1995.

*Sheldon D. Schecter,* for appellant.

*Jack M. Schulman,* for appellee.

*Per Curiam.*

Pamela Lazzara, plaintiff-appellant, appeals from the trial court's decision granting summary judgment in favor of Marc Glassman, Inc., defendant-appellee. Lazzara assigns the following:

"The lower court erred in finding that there was no genuine issue of material fact."

For the reasons set forth below, we affirm the decision of the trial court.

On August 16, 1993, Pamela Lazzara was shopping in the defendant's store, Marc's. She came upon toilet tissue stacked in cardboard boxes one on top of another and against the wall of the store. She described the boxes as being stacked so high they almost reached the ceiling and estimated the stack to be nine boxes high. The front of each box was cut open and contained cellophane packages with four rolls of toilet tissue in each package.

Lazzara reached into a box at the level of her chin; she is 5′4″ in height, and she estimated there were six boxes stacked on top of the one she reached into. The box was half empty and on one side of that same box the packages were stacked from the top to the bottom of the inside of the box. She took a package of toilet tissue facing the front of the box; it was on top of another package, but was not touching the top of the inside of the box.

Immediately after she took the package of toilet tissue from the box, someone in the store screamed. Lazzara looked up and saw a box from the top of the stack falling; the whole stack of boxes fell from above. She was struck between ten and twelve times mostly on her right side and the right side of her face, but remained standing.

Prior to August 16, 1993, Lazzara observed toilet tissue stacked very high in Marc's and wondered how they stacked it so high. She never thought of the stack of boxes as unstable; "[she] just figured it was okay."

Lazzara filed an action for negligence against Marc's. Marc's moved for summary judgment. The motion was granted and this appeal followed.

█ The sole issue on appeal is whether Marc's had a duty of care to protect or warn Pamela Lazzara of the danger created from the stacked boxes of toilet tissue in view of the "open and obvious" doctrine. The doctrine is premised upon the notion that a property owner is not an insurer of a business invitee's safety. *Hurtuk v. Lassiter* (July 21, 1994), Cuyahoga App. No. 66834, unreported, 1994 WL 386004.

"The 'open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers

on the property. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, at paragraph one of the syllabus; *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. *Sidle, supra.*" *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506. See, also, *Frajt v. Goodwill Industries of Greater Cleveland* (1986), 33 Ohio App.3d 92, 514 N.E.2d 719 (held display of entangled elastic belts open and obvious danger.)

In this case, Lazzara observed the boxes stacked too high and wondered to herself how employees of Marc's were able to stack them so high. Nonetheless, she pulled a package of toilet tissue from the middle of the stack of boxes. The only evidence presented for or against summary judgment was Lazzara's deposition testimony, and it clearly demonstrates that the danger from the stacked boxes of toilet tissue was open and obvious.

Accordingly, Marc's was not the insurer of Lazarra's safety, and had no duty to protect Lazzara from or warn her about the open and obvious danger from the stacked boxes of toilet tissue, and Marc's was entitled to judgment as a matter of law. Therefore, we hold the trial court properly granted summary judgment.

*Judgment affirmed.*

PATTON, P.J., and PATRICIA A. BLACKMON, J., concur.

KARPINSKI, J., dissents.

KARPINSKI, Judge, dissenting.

I respectfully dissent from the majority opinion because the open and obvious doctrine does not apply to a situation where a store intentionally displays a product in a manner that subjects the customer to a risk by the very nature of the display.

As the majority accurately points out, plaintiff was injured when a stack of cardboard boxes containing toilet tissue fell on her. The boxes were stacked almost to the ceiling with the sides cut out to allow customers to reach into boxes and remove packages of toilet tissue. Plaintiff reached into a half-empty box at the level of her chin.[1]

---

1. The majority states plaintiff observed the boxes were stacked "too high." However, what she said was that she "wonder[ed] how they would stack it so high."

The majority cites three cases to illustrate its reliance upon the open and obvious doctrine. None of the cases deals with a store display that invites the patron to encounter the risk. Two of the cases are distinguishable from the facts herein. In *Hurtuk v. Lassiter* (July 21, 1994), Cuyahoga App. No. 66834, unreported, the plaintiff, who had experience removing trees, was injured by a falling tree when he was helping the property owner remove a chainsaw from its base.

The majority also cites *Frajt v. Goodwill Industries of Greater Cleveland* (1986), 33 Ohio App.3d 92, 514 N.E.2d 719, as holding that a display of entangled elastic belts constitutes an open and obvious danger. I disagree with this characterization of the case. In *Frajt*, the box of elastic, entangled belts was not the display itself, but rather a box *under* a display. Moreover, the court expressly observed in *Frajt* that "appellant's injury was not the result of the position of the box," whereas in the case at bar, the store's deliberate positioning of the boxes is the hazard.

Neither of these cases is comparable to that of a store display which invites customers to remove merchandise from boxes stacked almost to the ceiling. When products are contained in boxes stacked one on another against a wall, it is not that obvious that removing a product from inside a box will result in the box itself falling. This situation is not the same as removing one can from the middle of a pyramid of cans—a comic situation we all recognize.

The third case cited by the majority does not support its position. In *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 597 N.E.2d 504, the plaintiff was injured when he fell through a hole on a railroad bridge. Declining to apply the open and obvious doctrine when the defendant creates a hazardous condition, the Ohio Supreme Court held that this doctrine does not automatically bar recovery but merely raises issues of comparative negligence for the jury to resolve.

While it is true that a property owner is not an insurer of a business invitee's safety, a store should not be able to invite a customer to choose products from a stack the store deliberately constructed and then be relieved of liability when it may be impossible for customers to reach for these items without causing the boxes to tumble down. It should be for the jury to decide whether customers may reasonably expect that boxes so deliberately stacked against a wall will remain stable when items are removed from within the boxes. Accordingly, because the cited cases applying this doctrine are either inapposite to the facts of the case at bar or fail to support the majority decision, I would reverse the trial court's granting of summary judgment for the defendant so that a jury could decide the issue.