DECISION AND JOURNAL ENTRY
Appellants Cassandra and Kirk Goodwin have appealed from a judgment of the Summit County Common Pleas Court that granted summary judgment in favor of Appellee Marc Glassman, Inc., dba Marc's (Marc's). This Court affirms.
 I.
On November 5, 1996, Cassandra entered a Marc's discount supermarket in Akron, Ohio. After securing a shopping cart, she began making her way through the store. Thereafter, she stopped at a display of Cheerios cereal boxes. The boxes were still packed in their original shipping cases, which were stacked three levels deep. The front of each case had been removed so customers could select individual cereal boxes from the display. When Cassandra removed a box from the display, several boxes from within the case cascaded out and fell upon her head, neck and shoulders.
On October 27, 1998, Cassandra and Kirk filed a negligence action in the Summit County Common Pleas Court, seeking damages for the alleged injuries she suffered as a result of the Cheerios incident. Marc's moved for summary judgment, invoking the open and obvious doctrine. After briefing, the trial court granted Marc's motion. Cassandra and Kirk timely appealed, asserting two assignments of error. Essentially, they have argued that the trial court erred in granting summary judgment.
 II.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294; Vahila v.Hall (1997), 77 Ohio St.3d 421, 429. Then, and only then, there is a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. Dresher, 75 Ohio St.3d at 294; Vahila,77 Ohio St.3d at 430.
In the case at bar, the record reveals that Cassandra was a business invitee of Marc's. As such, it owed Cassandra a duty of ordinary care to maintain its premises in a reasonably safe condition so that she would not be unnecessarily and unreasonably exposed to danger. See Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632,636, citing Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, there is no duty to protect an invitee from those dangers that are open and obvious. Paschal, at 203-204. The rationale behind this "no duty rule" is that the open and obvious nature of the hazard serves, in and of itself, as a warning and permits the landowner to reasonably rely on the invitee to take the appropriate steps to protect him or herself.Lazzara v. Marc Glassman, Inc. (1995), 107 Ohio App.3d 163, 165. Minor or trivial imperfections on the premises which are commonly encountered and are to be expected, as a matter of law, do not form a basis of liability. Helms v. American Legion, Inc. (1966),5 Ohio St.2d 60, syllabus. As such, the issue before this Court is whether the stack of Cheerios cases and the boxes within those cases presented an open and obvious danger to Marc's customers.
When advancing its motion for summary judgment, Marc's argued that the stack was not unreasonably dangerous and that Cassandra had a duty to protect herself from the condition which ultimately harmed her. To support its motion, Marc's directed the trial court's attention to Cassandra's deposition in which she stated that she had noticed that the cases were stacked very high. It further pointed to the deposition of Ken North, an employee of Marc's, that stated that Cassandra pulled the box from the center of the stack. In short, Marc's argued that the possibility that stacked Cheerios boxes would rain down on an individual if disturbed in such a way was an open and obvious danger.
In response, Cassandra and Kirk argued that "the open and obvious doctrine does not apply to displays created by stores to sell its products because the store employees are responsible for ensuring that the displays are safe." This Court disagrees. See,e.g., Lazzara, 107 Ohio App.3d 163; Sopko v. Marc Glassman, Inc.
(Apr. 30, 1999), Lake App. No. 98-L-006, unreported, 1999 Ohio App. LEXIS 2021; Sexton v. Wal-Mart Stores, Inc. (Jan. 14, 1999), Scioto App. No. 98 CA 2603, unreported, 1999 Ohio App. LEXIS 216;Maclean v. Builder's Square, Inc. (Feb. 10, 1997), Stark App. No. 1996 CA 00298, unreported, 1997 Ohio App. LEXIS 1040.
After reviewing the record, and construing the evidence in favor of the non-moving parties, this Court concludes that, as a matter of law, a cereal box display transformed into an avalanche upon a customer simply because that individual pulled a box from a case within the stack is an open and obvious danger. Such a hazard should be expected and is encountered daily in supermarkets across the nation. Therefore, the trial court properly entered summary judgment in favor of Marc's. Cassandra and Kirk's assignments of error are without merit.
 III.
Cassandra and Kirk's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 __________________________ BETH WHITMORE
FOR THE COURT BATCHELDER, P. J.
CARR, J., CONCUR.