JOURNAL ENTRY AND OPINION
Plaintiff-appellant Annie Burks appeals from the order of the trial court granting summary judgment in favor of defendant-appellee Marc Glassman, Inc. dba Garfield Furniture. For the following reasons, we reverse the judgment of the trial court.
The relevant facts of this case are not in dispute. On July 15, 1994, appellant entered a furniture store operated by appellee. Appellant proceeded to the back of the store, where she observed several rows of headboards stacked against the west wall. There was another set of headboards leaning against a night stand perpendicular to the other stacks.
Appellant found a headboard she liked, and requested that a sales clerk remove the headboard from the fourth stack. The fourth stack began to slide away from the wall when the clerk attempted to remove the requested headboard. While the clerk and a co-worker struggled to stabilize the fourth stack, appellant observed the fifth stack sliding away from the wall. Appellant immediately moved to avoid the fifth stack; however, the fifth stack slid into the stack leaning against the night stand causing a chain reaction. The stack leaning against the night stand crashed into appellant, knocking her to the ground and breaking her hip.
On October 29, 1998, appellant filed the underlying personal injury lawsuit against appellee. On March 30, 1999, appellee filed a motion for summary judgment. In a judgment entry filed on June 16, 1999, the trial court granted appellee's motion for summary judgment. Therefrom, appellant filed a timely notice of appeal with this court.
 THE TRIAL COURT ERRED WHEN IT ENTERED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT SINCE GENUINE ISSUES OF MATERIAL FACT REMAIN WITH REGARD TO WHETHER PLAINTIFF'S INJURIES WERE CAUSED BY DEFENDANT'S NEGLIGENCE.
In her sole assignment of error, appellant asserts that the trial court erred in granting appellee's motion for summary judgment. Summary judgment is only appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Appellee insists that it was entitled to summary judgment under the open and obvious doctrine.
Under the open and obvious doctrine, an owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. The doctrine is based upon the rationale that the open and obvious nature of the hazard itself serves as a warning and, therefore, the owner or occupier may reasonably expect that persons entering the property will discover those hazards and take appropriate measures to protect themselves. Id.
[I]n recent years, the Ohio Supreme Court has limited the applicability of the open-and-obvious doctrine. Morris v. Equitable Real Estate Invest. Mgt., Inc. (Dec. 23, 1999), Hamilton App. No. C-990333, unreported, citing, Simmers, supra; Texler v. D.O. Summers Cleaners 
Shirt Laundry Co. (1998), 81 Ohio St.3d 677. As the Supreme Court has noted, the open and obvious doctrine has not been uniformly applied in Ohio. Simmers, at fn. 2.
Further, since Ohio enacted the comparative negligence statute, R.C.2315.19, courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence. Id.
In Texler, the Supreme court declined to apply the open and obvious doctrine as an automatic bar to recovery in a case where the plaintiff tripped over a bucket on a sidewalk. Instead, the court held that the hazard merely raised issues of comparative negligence for the jury to decide. Id. at 681 (More recently, this court has continued to hold that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C. 2315.19(A)(1).). See also Simmers, at 646 (Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion.).
We refuse to apply the open and obvious doctrine to completely absolve appellee of any duty in this case. Like the Supreme Court in Tex ler, we find that the determinative issues are whether appellant was negligent in failing to protect herself from the sliding stacks of headboards and, if so, whether this negligence outweighed any negligence on the part of appellee. These issues are inappropriate for summary judgment and, therefore, must be remanded for determination by a jury.
The case sub judice is distinguishable from this court's decision in Lazzara v. Marc Glassman, Inc. (1995), 107 Ohio App.3d 163, and the Ninth Appellate District's recent opinion in Goodwin v. Marc Glassman, Inc. (July 12, 2000), Summit App. No. 19861, unreported. In Lazzara, the plaintiff caused her own injury when she removed a package from boxes stacked to nearly ceiling level. Likewise, in Goodwin, the plaintiff was the impetus of her own injury when she pulled a box from a display of stacked boxes.
In the instant case, there were several factors to the accident besides plaintiff's failure to avoid an allegedly open and obvious hazard, including: (1) the careless stacking of more than thirty headboards by Marc's employees; (2) the absence of a plate that Marc's usually utilized to support such stacks; and (3) the negligence of the Marc's employee who caused the chain reaction.
Based upon the foregoing, we find that the trial court erred in granting appellee's motion for summary judgment. Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. CONCURS; JOHN T. PATTON, J. DISSENTS.
 ____________________________ LEO M. SPELLACY, JUDGE
 DISSENTING OPINION