An owner and occupier of premises owes its business invitees the duty to use due care in providing a reasonably safe means of ingress and egress. Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38. The owner's duty does not extend to protecting invitees from open and obvious dangers. Pascal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644.
Marc's temporarily set up the store in question to sell furniture. Among the items it sold were headboards for beds. The headboards were displayed in upright stacks in one location toward the back of the store. One stack was located against a wall. Another stack stood perpendicular to those located against the wall. None of the headboards were secured with restraints. Plaintiff saw a headboard located in the stack leaning against the wall, so she asked a Marc's employee to pull out one the headboards so she could look at it more closely. Plaintiff could not say how many headboards were located in the stack, but she did agree there were a number of them. As the employee tried to separate the headboard plaintiff wanted to examine, the remaining headboards in the stack started to slide. Both plaintiff and the employee managed to prop up the headboards to keep them from falling. When the stack continued to slide as the employee tried to pull out the headboard plaintiff wanted to examine, he called over another employee for assistance.
Plaintiff watched the two employees spend the next ten minutes restacking the headboards. As they did so, another stack began to slide. Plaintiff stepped back to a point where she believed she would avoid the sliding stack. The falling stack stopped short of her position, but one of the headboards struck another stack located near her. That stack slid into her leg, knocking her from her feet.
By her own admission, plaintiff knew the stacks of headboards were unstable. She saw them fall once and even assisted store employees in restacking them. She knew the employees were having trouble keeping the headboards upright because she watched them struggle to restack the headboards for ten minutes. Plaintiff consciously moved away to what she believed was a safe distance, thus demonstrating her appreciation of the danger. Having once witnessed the sliding headboards and having personal knowledge that the headboards were unstable even as they were being restacked, reasonable minds could only find that plaintiff had knowledge that other headboards might also slide. She thus proceeded despite a known risk.
I disagree with the majority's attempts to distinguish Lazzara v. Marc Glassman, Inc. (1995), 107 Ohio App.3d 163; Goodwin v. Marc Glassman, Inc. (July 12, 2000), Summit App. No. 19861, unreported. Those cases do not stand for the proposition that the injured parties who were the impetus of their injuries bear the responsibility for those injuries. Instead, they stand for the proposition that conditions may exist that should put the reasonable person on notice that they need to exercise due care in proceeding. Thus, when a display is stacked very high, the shopper is charged with the knowledge that pulling an item from the middle of the display might cause the display to topple. It is true that both plaintiffs in Lazzara and Goodwin caused the displays to topple, but those cases were not decided on grounds that their negligence caused the displays to topple. Rather, they were based on Lazzara and Goodwin being charged with the knowledge that, were they to pull an item from the display, the display would likely fall. In other words, they were charged as a matter of law with appreciating the danger associated with pulling a product from a display and proceeding despite that danger.
In the instant case, having seen the headboards fall once before, plaintiff fully appreciated that the headboards could fall again. She demonstrated this knowledge by removing herself to what she thought was a safe distance. As a matter of law, Marc's was entitled to summary judgment because plaintiff proceeded despite a known risk. For these reasons I would overrule the assignment of error and affirm the judgment below. I therefore respectfully dissent.