{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted appellee, Home Depot, USA, Inc. ("Home Depot"), summary judgment against appellants, Donna and Mario Lopez. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} On March 17, 2000, Donna Lopez was injured when wood fell on her from a shelf in Home Depot's store, located on Secor Road, Toledo, Ohio. On August 15, 2000, appellants sued Home Depot on the basis of negligence seeking an award of damages for Mrs. Lopez's injuries and Mr. Lopez's loss of consortium. The original case was dismissed and refiled on November 26, 2001. All filings pertaining to discovery materials generated in the original case were ordered to be made part of the record in this case.
 {¶ 3} Viewing the evidence in a light most favorable to the non-movant, the pertinent facts in this case are as follows. Appellants went to Home Depot to buy some wood. Each aisle in the lumber department at Home Depot consisted of several vertical rows of shelving, each row having a total of five shelves. Each shelf was approximately 42-44" from the one below it. It is undisputed that it is Home Depot's policy that wood placed on shelves three through five must be banded together. In this instance, the wood on the third shelf was not banded. According to appellants, there was hardly any wood in the bottom shelf and it was not the length they wanted to purchase. To enable Mr. Lopez, who was approximately five feet and seven inches in height, to reach back into the second shelf of wood in the first row, he stood on a few planks of wood located in the first shelf of the adjacent row. While he was examining a piece of wood on the second shelf of the first row, he heard his wife scream when a number of pieces of wood fell on her from the third shelf of the first row. The wood that fell on Mrs. Lopez was positioned approximately eight to nine feet off the floor.
 {¶ 4} Home Depot filed a motion for summary judgment against appellants. Home Depot argued that Mr. Lopez's actions were the proximate cause of Mrs. Lopez's injuries, that there was no evidence establishing any negligence on the part of Home Depot, and that the danger which caused Mrs. Lopez's injuries was open and obvious. Appellants responded that the shelf from which the wood fell was not banded, as required by Home Depot, that the danger was not open and obvious, and that Mrs. Lopez had not caused the wood to fall through her own actions.
 {¶ 5} The trial court granted Home Depot's motion for summary judgment and dismissed appellants' complaint. Appellants appeal the decision of the trial court and raise the following sole assignment of error:
 {¶ 6} "The court below erred in granting summary judgment in favor of the defendant/appellee, Home Depot, Inc."
 {¶ 7} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 8} It is undisputed that Donna Lopez was a business invitee at the time of her injury. It is well-settled that a landowner owes an invitee the duty to exercise ordinary and reasonable care, which includes keeping the premises in a reasonably safe condition and warning the invitee of latent or concealed defects of which the landowner has or should have knowledge. Scheibel v. Lipton (1951), 156 Ohio St. 308, 323; see, also, Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68. An occupier of premises, however, is not an insurer of an invitee's safety while on those premises. Howard v. Rogers (1969), 19 Ohio St.2d 42, paragraph two of the syllabus. The owner has no duty to protect a business invitee from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 9} Home Depot argues that a potential hazard of having boxes or merchandise fall on top of a person is open and obvious in situations where a person reaches into an overhead shelf to pull down boxes or merchandise. Home Depot relies on Sexton v. Wal-Mart Stores, Inc. (Jan. 14, 1999), Scioto App. No. 98 CA 2603, and Lazzara v. Marc Glassman,Inc. (1995), 107 Ohio App.3d 163, in support of this argument. InSexton, the plaintiff was injured when she removed laundry detergent from the top shelf and caused other containers of detergent to fall on top of her. In Lazzara, the plaintiff was injured when cardboard boxes of toilet paper, which were stacked on top of each other up to the ceiling, fell from the top of the stack when the plaintiff removed toilet paper from the middle of the stack. In each case, the court held that the danger was open and obvious and that the defendant had no duty to warn the plaintiffs against such hazards. We, however, find these cases to be factually distinguishable from the present case.
 {¶ 10} In Sexton and Lazzara, the injured party was the person removing items from the shelves and the person who caused the merchandise to fall on top of them. This is not the situation in the present case. Mr. Lopez, not Mrs. Lopez, was the individual reaching into the stacks. Mrs. Lopez was merely standing on the floor next to the stacks. Additionally, in viewing the facts in a light most favorable to the non-movants, we note that the wood Mr. Lopez was examining was not in contact with the third shelf or any of the wood that fell. This is different than the situations in Sexton and Lazzara because, in those cases, the objects which the plaintiffs were removing from the shelves were in contact with the objects that fell on top of them. Given the factual distinctions, we find that Sexton and Lazzara are distinguishable on the facts and, therefore, inapplicable to this case.
 {¶ 11} In viewing the evidence in a light most favorable to the non-movants, we find that there is a genuine issue of material fact regarding whether Home Depot breached its duty to Donna Lopez by allowing unbanded and loose lumber to remain on an open shelf approximately eight to nine feet off the floor. We also find that the potential hazard of having lumber fall from an upper shelf while someone is searching for wood in a lower shelf is not an open and obvious danger against which Mrs. Lopez should have protected herself. We further find that there is a genuine issue of material fact regarding whether Mario Lopez's actions were the proximate cause of his wife's injuries. Accordingly, we find that reasonable minds could conclude differently regarding whether Home Depot was entitled to summary judgment. Appellants' sole assignment of error is therefore found well-taken.
 {¶ 12} On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings in accordance with this decision. Costs of this appeal to be paid by appellee.
 JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and Arlene Singer, J. CONCUR.