JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Donna Dillon-Garcia ("appellant") appeals from the order of the trial court granting summary judgment in favor of defendant-appellee, Marc Glassman, Inc. ("Marc's"). For the reasons set forth below, we reverse and remand.
 {¶ 2} On July 3, 2003, appellant went with her mother to the Marc's store in Sheffield, Ohio, to pick up a few items. Appellant and her mother shopped separately. While attempting to remove a can of Primo Spaghetti Sauce from a "case-stacked" display, appellant was struck in the nose by another can of Primo Spaghetti Sauce, causing facial damage and a fractured nose. Darla Gaspar witnessed the incident and helped appellant. Prior to the incident, Gaspar observed a Marc's employee stacking the cans of sauce. Gaspar testified that appellant did not do anything to cause the can to fall on her.
 {¶ 3} Both women testified that the first three layers of cans were in cardboard boxes, but the remaining layers were just cans stacked on top of each other. In addition, both women testified that the stack was between 6 and 6½ feet tall. Both women believed that it was the way the sauce was stacked that caused the can to fall and injure appellant.
 {¶ 4} Marc's moved for summary judgment, arguing that by her own admission, appellant knew the stack was unstable and that it would be dangerous to attempt to remove a can from the stack. In summary, the dangerous condition of the stack was open and obvious. The trial court granted summary judgment in favor of Marc's, and appellant now appeals.
 {¶ 5} Appellant's first assignment of error provides as follows: "The trial court committed prejudicial error when it granted Defendant's Motion for Summary Judgment."
 {¶ 6} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 7} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680, 1998-Ohio-602. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 8} In this case, there is no dispute that appellant was a business invitee. An owner or occupier of the premises owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. Rogers v.Sears, Hamilton App. No. C-010717, 2002-Ohio-3304. Where a hazard is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. Parsonsv. Lawson Co. (1989), 57 Ohio App.3d 49.
 {¶ 9} Appellant argues that the cause of the injury was not the open and obvious nature of the display stack, but rather the result of a precariously and imperceptibly placed can of sauce. Appellant contends that Marc's was negligent when it stacked the cans, that the height of the stack concealed its dangerous nature, and that the danger was not discoverable upon ordinary inspection. Gaspar testified that appellant did not do anything to cause the can to fall and that the can came out of nowhere.
 {¶ 10} Marc's argues that the dangerous nature, or instability, of the stack of Primo Spaghetti Sauce was not merely discoverable upon ordinary inspection, but appellant had in fact discovered it. Marc's points to appellant's deposition where she explained that the whole display scared her because it was unstable and could fall down on her. She also stated that she was apprehensive getting the can down.
 {¶ 11} The Supreme Court of Ohio recognized in Armstrong v.Best Buy Co., Inc., 99 Ohio St.3d 79, 82, 2003-Ohio-2573, that the open-and-obvious doctrine relates to the threshold issue of duty in a negligence action. By focusing on duty, "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." Id.
Where a condition is open and obvious, the premises owner is absolved from taking any further action to protect the plaintiff. Id. The open and obvious nature of the hazard itself serves as a warning, and the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Id. at 80, citing Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42. When the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery. Armstrong, 99 Ohio St.3d at 80.
 {¶ 12} Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of material fact for the jury to review. Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306.
 {¶ 13} In Lopez v. Home Depot, USA, Inc., Lucas App. No. L-021-248, 2003-Ohio-2123, Mrs. Lopez was injured when a number of pieces of wood fell from the third shelf while Mr. Lopez was reaching into the second shelf. The appellate court found "that the potential hazard of having lumber fall from an upper shelf while someone is searching for wood in a lower shelf is not an open and obvious danger against which Mrs. Lopez should have protected herself." Id.
 {¶ 14} The court found that the facts of the Lopez case were factually distinguishable from the facts of Sexton v.Wal-Mart Stores, Inc. (Jan. 14, 1999), Scioto App. No. 98 CA 2603, and Lazzara v. Marc Glassman, Inc. (1995),107 Ohio App.3d 163. "In Sexton and Lazzara, the injured party was the person removing items from the shelves and the person who caused the merchandise to fall on top of them." Id. The court reasoned that Mrs. Lopez was merely standing in the aisle and was not the individual reaching into the stack, and noted further that the wood Mr. Lopez was examining was not in contact with the third shelf or any of the wood that fell. "This is different than the situations in Sexton and Lazzara because, in those cases, the objects which the plaintiffs were removing from the shelves were in contact with the objects that fell on top of them." Id.
 {¶ 15} In the instant case, in viewing the evidence in a light most favorable to appellant, we cannot say that the danger of a stray can falling was open and obvious as a matter of law. We find that there is a question of fact for a jury to decide whether one could anticipate a stray can falling, on its own, from another part of the stack when appellant had successfully removed a can without affecting any of the cans in contact with it.
 {¶ 16} Appellant's first assignment of error is sustained. Appellant's second assignment of error is moot.[1]
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Anthony O. Calabrese, Jr., J.,concur.
[1] Appellant's second assignment of error states the following: "The trial court committed prejudicial error when it denied Plaintiff's Motion to Strike Evidentiary Material from Defendant's Reply Brief in Support of Summary Judgment."