DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Shawn Prexta has appealed from the judgment of the Summit County Court of Common Pleas which granted Defendant-Appellee BW-3, Akron, Inc.'s motion for summary judgment. This Court affirms.
 I {¶ 2} The facts of this case are largely undisputed. On February 15, 2003, Appellant and his wife went to the BW-3 restaurant owned by Appellee. Shortly after arriving, Appellant's wife decided to leave. Appellant walked with his wife out of the restaurant and to their car. Appellant then returned to the entrance of the restaurant. As he was approaching the entryway, Appellant slipped and fell and broke his leg in two places.
 {¶ 3} On February 14, 2005, Appellant filed suit against Appellee, alleging premises liability. On August 12, 2005, Appellee moved for summary judgment on the complaint. The trial court denied that motion on January 9, 2006. Appellee, however, renewed its motion for summary judgment on April 21, 2006, following a decision from this Court. Appellant responded in opposition to the motion and the trial court granted summary judgment to Appellee on July 3, 2006. Appellant has timely appealed from the trial court's judgment, raising two assignments of error. As these errors are interrelated, we have consolidated them for review.
 II Assignment of Error Number One "THE LOWER COURT IMPROVIDENTLY GRANTED THE DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT INSTANTER PREMISED UPON STEIN V. HONEYBAKED HAM COMPANY, WHEN CONCEDEDLY, SOMETIMES THE ICE HAS BEEN ALLUDED TO AS AN `AREA' FOR SIMPLICITY'S SAKE, BUT PREXTA'S PROFFERED EVIDENCE THAT THE DEFECT WAS JUST A SIX INCH STRIP OF ICE GOING 90° ACROSS THE SIDEWALK, THAT HE DID NOT HAVE ACTUAL NOTICE, THAT THE DEFECT WAS NOT UNAVOIDABLE, THAT HE, IN FACT, `ROUNDED' THE CORNER, AND THE DEFENDANTS HAVE NOT COUNTERED THIS EVIDENCE, THEREFORE STEIN DOES NOT APPLY AND SHAW V. CENTRAL OIL ASPHALT CORP., ALONG WITH HOLL V. MONTROSE, INC. DO APPLY."
 Assignment of Error Number Two "THE LOWER COURT IMPROVIDENTLY GRANTED THE DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT INSTANTER BECAUSE, IN ANY EVENT, PREXTA HAS ESTABLISHED AND/OR THE DEFENDANTS HAVE NOT SUFFICIENTLY REBUTTED PREXTA'S PRIMA FACIE CASE OR RAISED A SUFFICIENT DEFENSE AS A MATTER OF LAW, AND THERE REMAIN SUFFICIENT QUESTIONS WHEREBY A JURY COULD FIND IN HIS FAVOR."
 {¶ 4} In both his assignments of error, Appellant has asserted that the trial court erred in granting summary judgment in favor of Appellee. While it is unclear what theory of liability Appellant is pursuing, it appears that on appeal he has asserted that the defect which caused his fall was not open and obvious. This Court disagrees.
 {¶ 5} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 6} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ. R. 56(C). Id.
 {¶ 7} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ. R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to Civ. R. 56(C):
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Based upon this standard of review, we examine the evidence presented in support of Appellant's claim of negligence.
 {¶ 9} To prevail on a claim of negligence, appellant must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. Menifee v. Ohio WeldingProd., Inc. (1984), 15 Ohio St.3d 75, 77. Whether or not such a duty exists is a question of law. Williams v. Garcias (Feb. 7, 2001), 9th Dist. No. 20053, at *2.
 {¶ 10} The parties have not contested that Appellant was a business invitee at the time he was injured. With respect to a business invitee, the Ohio Supreme Court has held:
 "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." (Internal citations omitted.) Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204.
In Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13, the Supreme Court reiterated the viability of the open and obvious doctrine. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus.
 {¶ 11} This Court has previously detailed the distinction between natural accumulations of ice and snow and unnatural accumulations.
 "It is axiomatic that in Ohio a property owner owes no duty to a business invitee to remove natural accumulations of snow and ice from sidewalks, steps and parking lots. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph three of the syllabus; Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph one of the syllabus ('One who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is * * * under no legal obligation * * * to remove a natural accumulation of snow and ice therefrom.'). There is no such duty because `[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them.' Sidle, at paragraph two of the syllabus. On the other hand, a property owner may be liable for the unnatural accumulations of ice and snow where there is evidence of an intervening act by that owner which perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. Porter v. Miller (1983), 13 Ohio App.3d 93, 95." Goodwill Indus. of Akron v. Sutcliffe (Sep. 13, 2000), 9th Dist. No. 19972, at *2.
The parties do not dispute that the ice which caused Appellant to fall was the result of unnatural accumulation. Specifically, the parties agree that Appellant fell on ice which accumulated due to Appellee's improper maintenance of a rain gutter and trench.
 {¶ 12} Appellant has argued at length that Appellee knew of the hazardous condition. Specifically, Appellant has relied upon statements made by former employees of Appellee that management at the restaurant had been informed of the faulty rain trench and knew of the hazards it presented prior to Appellant's fall. However, where snow or ice has accumulated unnaturally, proof that the landowner had notice of an unnatural accumulation is irrelevant to a determination of liability.Bozzelli v. Brucorp (Oct. 30, 1996), 9th Dist. No. 17886, at *2. Accordingly, Appellant's reliance upon statements made by Appellee's former employees is misplaced.
 {¶ 13} On appeal, Appellant has argued that the open and obvious doctrine should not apply to unnatural accumulations of snow and ice. This Court, however, has previously applied the doctrine in such situations. See Ragan v. Norton Co. (Aug. 20, 1997), 9th Dist. No. 18111; see also Clark v. BP Oil Co., 9th Dist. No. 21398, 2003-Ohio-3917 (rejecting the argument that whether an accumulation of ice was unnatural was a factual question for the jury and applying the open and obvious doctrine); Gerbig v. Wilcox (Feb. 9, 1999), 9th Dist. No. 19099. In Gerbig, this Court affirmed a grant of summary judgment on the basis of the open and obvious doctrine, despite the plaintiffs claims that the ice was an unnatural accumulation. Id. at *1-2.
 {¶ 14} Upon review, this Court can find no rationale for refusing to utilize the open and obvious doctrine simply because an accumulation of ice and snow is unnatural. Rather, the doctrine obviates any duty to warn because an invitee is reasonably expected to discover obvious dangers and protect himself against them. Furthermore, the open and obvious doctrine has traditionally applied despite allegations that negligence has caused a hazardous condition on the property. See, e.g.,Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49 (applying the open and obvious doctrine when an employee's negligent stacking of boxes had created a dangerous condition); Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642 (noting that the open and obvious doctrine may apply when an employee's negligence caused a large gap in a walkway, a hazardous condition, which later caused the plaintiffs injuries);Frajt v. Goodwill Industries of Greater Cleveland (1986),33 Ohio App.3d 92 (applying the open and obvious doctrine despite employee's negligence in leaving elastic belts tangled because such a hazardous condition was open and obvious). This Court can find no rationale for treating an allegedly hazardous and unnatural accumulation of ice differently from any other allegedly hazardous condition that results from the landowner's negligence. Accordingly, we proceed to determine whether Appellant's fall was the result of an open and obvious danger.
 {¶ 15} During his deposition, Appellant admitted that he knew that there was snow and ice on the parking lot and walkway. Appellant further testified that he knew there was snow and ice on the ground for the several days preceding his fall.
 "Q. Okay. And you knew that night, right, that there was snow and ice on the ground?
 "A. Yes."
Appellant further admitted that upon walking his wife to the car, he had to walk across roughly thirty yards of the parking lot which had snow and ice on it to reach the car and back across the lot again to the entryway where he fell. Furthermore, Appellant admitted that when he looked down he could see snow on the ground.
 {¶ 16} Appellant also introduced evidence that the ice accumulation was five feet long, six inches wide, and nearly four inches high where he fell and six inches high at its peak. Despite Appellant's admission that the ice was raised four inches off the ground, he has attempted to avoid the application of the open and obvious doctrine by asserting that the ice was covered with a layer of snow. We find, however, that such an assertion does not create a genuine issue of material fact.
 {¶ 17} Viewing the evidence in a light most favorable to Appellant, the following facts are demonstrated. On the night he fell, Appellant was aware of the wintry conditions and was aware that snow and ice were present in the parking lot and on the sidewalk. Within the twenty to thirty minutes prior to his fall, Appellant had walked the exact path upon which he fell twice without incident. In addition, Appellant's wife had walked that path twice without incident. On his third trip across the walkway, Appellant slipped and fell. By his own admission, however, Appellant fell because he stepped directly onto what he believed was at least four inches of snow. As noted above, Appellant introduced evidence that the ice was four inches high and covered by a dusting of snow. The fact that the ice was covered by snow, however, does not make the open and obvious doctrine inapplicable. "[I]nvitees are charged with knowledge of the hazards and risks of injury created by subsidiary conditions that commonly occur along with natural accumulation of snow and ice." Scholz v. Revco Discount Drug Ctr., Inc., 2d Dist. No. 20825,2005-Ohio-5916, at ¶ 15. It is beyond question that due to the wintry conditions in Ohio, ice is often covered by snow. Furthermore, Appellant swore in his affidavit that what he was "duly concerned with was the natural snow and ice one would find at the only entrance to a place of business." As such, there is no question that Appellant appreciated the hazard associated with walking across the sidewalk.
 {¶ 18} In a final attempt to avoid the application of the open and obvious doctrine, Appellant and his counsel have repeatedly referred to the ice as "super-slippery." From his brief, Appellant seems to assert that the ice he fell on was somehow different and more dangerous because it was formed from roof water. As this Court has held, however, "ice is ice," regardless of how it accumulated. Sutcliffe, supra, at *2. There is no evidence in the record to support Appellant's assertion that the ice he fell on was "super slippery." For that matter, there is no evidence in the record that in any manner would differentiate the ice Appellant fell on from other types of ice. All ice is inherently slippery. Appellant knew that there was snow and ice on the sidewalk and appreciated the hazards associated with those conditions. As he admitted that he was "duly concerned" with the conditions of the sidewalk, it is clear that he appreciated the dangers posed by the wintry conditions. Appellant then stepped directly onto a four-inch tall obstruction covered with snow. Due to the obvious and apparent danger associated with a four-inch high obstruction covered in snow on a sidewalk covered in snow and ice, Appellee could reasonably expect that Appellant would discover the danger and protect himself against it. Accordingly, the open and obvious doctrine bars recovery. Appellant's sole assignment of error lacks merit.
 III {¶ 19} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
BETH WHITMORE
FOR THE COURT
CARR, J.
MOORE, J. CONCURS IN JUDGMENT ONLY